UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

SHAMEL KING,

                       Plaintiff,

- against -

THE CITY OF NEW YORK, POLICE OFFICER
DEMARCO, POLICE OFFICER O'MALLEY and
POLICE OFFICERS JOHN DOES 1-5,

                       Defendants.

------------------------------------------------------------------ x

**ANSWER**

08 CV 0006 (LTS)

Jury Trial Demanded

       Defendant the City of New York, by its attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for its Answer to the Complaint, respectfully alleges, upon information and belief, as follows:

       1.    Denies the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiff purports to proceed as stated therein.

       2.    Denies the allegations set forth in paragraph "2" of the Complaint, except admits that plaintiff purports to bring this action and invoke the jurisdiction of the Court as stated therein.

       3.    Denies the allegations set forth in paragraph "3" of the Complaint, except admits that plaintiff purports to invoke the supplemental jurisdiction of the Court as stated therein and admits that on or about March 28, 2007[1] a document purporting to be Notice of Claim was received by the Comptroller's Office and admits that the claim has not been settled.

---

[1] On information and belief, plaintiff's purported Notice of Claim bears two timestamps: (1) the New York City Law Department Stamp dated "2007 MAR 27 AM 9:01" and (2) the Comptroller's Office timestamp "2008 MAR 28 P 2:21." It appears that Comptroller's Office's timestamp incorrectly noted the year 2008 instead of 2007.

4. Denies the allegations set forth in paragraph "4" of the Complaint, except admits that plaintiff purports to base venue as stated therein.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint.

6. Admits the allegations set forth in paragraph "6" of the Complaint.

7. Denies the allegations set forth in paragraph "7" of the Complaint, except admits that Jeremy DeMarco is employed as a Detective with the New York City Police Department, that Officer DeMarco was present during plaintiff's arrest on January 10, 2007 and that plaintiff purports to sue him as stated therein.

8. Denies the allegations set forth in paragraph "8" of the Complaint, except admits that Megan O'Malley is employed as a Police Officer with the New York City Police Department, that Officer O'Malley was the arresting officer in plaintiff's arrest on January 10, 2007 and that plaintiff purports to sue her as stated therein.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10. Denies the allegations set forth in paragraph "10" of the Complaint, except admits that on or about January 10, 2007 police officers were executing a search warrant at 585 East 21st Street, Apt. 3B, Brooklyn, New York.

11. Denies the allegations set forth in paragraph "11" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported activities plaintiff was engaged in at the time the search warrant was executed at 585 East 21st Street, Apt. 3B, Brooklyn, New York.

12. Denies the allegations set forth in paragraph "12" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether a gun was pointed at plaintiff.

13. Denies the allegations set forth in paragraph "13" of the Complaint.

14. Denies the allegations set forth in paragraph "14" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether plaintiff was strip-searched.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16. Denies the allegations set forth in paragraph "16" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether plaintiff was strip-searched.

17. Denies the allegations set forth in paragraph "17" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the length of time plaintiff was purportedly in a police van.

18. Denies the allegations set forth in paragraph "18" of the Complaint, except admits that plaintiff was transported to the 70th Precinct and then to Central Booking for arrest processing.

19. Denies the allegations set forth in paragraph "19" of the Complaint, except admits that on or about January 11, 2007, the Kings County District Attorney's Office declined to prosecute plaintiff's underlying criminal matter.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint, except admits that on or about

January 11, 2007, the Kings County District Attorney's Office declined to prosecute plaintiff's underlying criminal matter.

21. Denies the allegations set forth in paragraph "21" of the Complaint.

22. In response to the allegations set forth in paragraph "22" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1-21" inclusive of this Answer, as if fully set forth herein.

23. Denies the allegations set forth in paragraph "23" of the Complaint.

24. In response to the allegations set forth in paragraph "24" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1-23" inclusive of this Answer, as if fully set forth herein.

25. Denies the allegations set forth in paragraph "25" of the Complaint.

26. In response to the allegations set forth in paragraph "26" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1-25" inclusive of this Answer, as if fully set forth herein.

27. Denies the allegations set forth in paragraph "27" of the Complaint.

28. Denies the allegations set forth in paragraph "28" of the Complaint.

29. Denies the allegations set forth in paragraph "29" of the Complaint.

30. In response to the allegations set forth in paragraph "30" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1-29" inclusive of this Answer, as if fully set forth herein.

31. Denies the allegations set forth in paragraph "31" of the Complaint.

32. Denies the allegations set forth in paragraph "32" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

33. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

34. Defendant City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

35. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendant City.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

36. This action may be barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

37. This action may be barred in whole, or in part, by the doctrines of collateral estoppel and/or res judicata.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

38. Plaintiff caused or provoked any incident.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

39. Punitive damages cannot be assessed against the City of New York.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

40. There was probable cause for plaintiff's arrest and detention.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

41. At all times relevant to the acts alleged in the complaint, the duties and functions of defendant City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

**WHEREFORE,** defendant the City of New York requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         March 24, 2008

                          MICHAEL A. CARDOZO
                          Corporation Counsel of the
                          City of New York
                          Attorney for Defendant City of New York
                          100 Church Street
                          New York, New York 10007
                          (212) 788-0976

                By:   _____
                          Johana Castro (JC 1809)
                          Assistant Corporation Counsel
                          Special Federal Litigation Division

To:   <u>BY ECF & BY MAIL</u>
      Izabel Garcia, Esq.
      Attorney for Plaintiff
      26 Court Street, Suite 1815
      Brooklyn, NY 11242

08 CV 0006 (LTS)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| SHAMEL KING,<br><br>                                                         Plaintiff,<br><br>- against -<br><br>THE CITY OF NEW YORK, POLICE OFFICER DEMARCO, POLICE OFFICER O'MALLEY and POLICE OFFICERS JOHN DOES 1-5,<br><br>                                                   Defendants. |
| **ANSWER** |
| ***MICHAEL A. CARDOZO***<br>*Corporation Counsel of the City of New York*<br>   *Attorney for Defendant City of New York*<br>   *100 Church Street*<br>   *New York, New York  10007*<br><br>   *Of Counsel:  Johana Castro*<br>   *Tel:  (212) 788-0976*<br>   *NYCLIS No.2008-000142* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. ......................................................, 200..*<br><br>*...................................................................... Esq.*<br><br>*Attorney for ........................................................* |