UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------- x

SHAMEL KING,

Plaintiff,

- against -

THE CITY OF NEW YORK, POLICE OFFICER DEMARCO, POLICE OFFICER O'MALLEY and POLICE OFFICERS JOHN DOES 1-5,

Defendants.

--------------------------------------------------------------------- x

**PRELIMINARY PRE-TRIAL STATEMENT**

08 CV 0006 (LTS)

As required by the Individual Rules of the Honorable Laura Taylor Swain, United States District Judge, Southern District of New York and the Order of January 14, 2008, plaintiff Shamel King and defendant City of New York hereby jointly submit their proposed Preliminary Pre-Trial Statement, as follows.

**a. A concise statement of the nature of this action.**

This civil rights action arises from plaintiff's arrest by New York City Police Officers on or about January 10, 2007. Plaintiff asserts federal claims under 42 U.S.C. § 1983 of false arrest, false imprisonment, excessive force, illegal strip search and malicious prosecution in violation of the Fourth, Sixth and Fourteenth Amendments to the Constitution of the United States and parallel state law claims under the common law.

**b. A concise statement of each party's position as to the basis of this Court's jurisdiction of the action, with citations to all statutes relied upon and relevant facts as to citizenship and jurisdictional amount.**

<u>Plaintiff's Statement</u>: This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367 to hear and decide his state law claims. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391 (b) and (c) because defendant City of New York is subject to personal jurisdiction in the Southern District of New York. The individually named defendants, although assigned to the Brooklyn South Narcotics Division, are employees of the New York City Police Department and have designated

their address for service of process as One Police Plaza, Room 1100, New York, NY 10038. Moreover, the City of New York's deliberate indifference to plaintiff's rights under federal and state law took place in this district, specifically at NYPD Headquarters located at One Police Plaza, and at the office of the Civilian Complaint Review Board located at 40 Rector Street, New York, NY.

Defendant's Statement: This Court has subject matter jurisdiction pursuant to pursuant to 28 U.S.C. §§ 1331, 1343 and as this case arises under § 1983 and the Fourth, Sixth and Fourteenth Amendments to the Constitution of the United States Constitution. However, defendant notes that venue is not proper in the Southern District of New York as the alleged incident took place in Kings County, which is located in the Eastern District of New York. The plaintiff in this matter is a Brooklyn resident, the alleged incident occurred in Brooklyn and the individually named defendants are assigned to the Brooklyn South Narcotics division. Frasca v. Yaw, 787 F. Supp. 327, 331 (E.D.N.Y. 1992) ("The convenience of both party and non-party witnesses is probably the single most important factor in the analysis of whether a transfer should be granted."). Defendant submits that this case should be transferred to the Eastern District of New York as it is the more appropriate and convenient forum. .

**c. A concise statement of all material uncontested or admitted facts.**

Plaintiff was arrested on January 10, 2007 in 585 East 21st Street, Apartment 3B, Brooklyn, New York.

**d. A concise statement of all uncontested legal issues.**

None at this time.

**e. A concise statement of all legal issues to be decided by the Court.**

The following are legal issues that may be presented to the Court for decision by motion in the course of this litigation. Other legal issues may arise in the course of discovery or may be presented by requests for jury instructions.

Plaintiff's anticipated legal issues:

Plaintiff submits that after the disputed facts are resolved by a jury, the Court must decide whether the defendants are entitled to qualified immunity.

Defendant's anticipated legal issues:

Defendant submits the following legal issues will likely be addressed during the course of this litigation.

- Whether plaintiff has adequately stated a claim upon which relief can be granted.

- Whether plaintiff can establish any policy or practice that caused the alleged constitutional deprivation.

- Whether the City of New York is entitled to governmental immunity from liability.

- Whether any conduct by defendant City and the individually named defendants was the proximate cause of any injury to plaintiff under federal law.

- Whether the injury sustained by plaintiff was the proximate result of conduct on the part of defendant City of New York or resulted in whole or in part from the culpable, negligent and/or intervening conduct of others or persons for whose conduct defendant City of New York is not responsible.

- Whether plaintiff's claims are barred in whole or in part by the applicable statute of limitation.

- Whether plaintiff provoked the incident.

- Whether plaintiff's claims are barred in part by the doctrines of res judicata and/or collateral estoppel.

- Whether there was probable cause for plaintiff's arrest, detention, and prosecution.

- Whether the individually named defendants violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore are entitled to qualified immunity.

**f. Each party's concise statement of material disputed facts.**

Plaintiff's and Defendant's Statement: At this point in time, other than the agreed upon undisputed facts set forth above, all other material facts are disputed.

**g. A concise statement by each plaintiff and each counterclaimant of the legal basis of each cause of action asserted, including citations to all statutes, Federal Rules of Civil Procedure, other rules and case law intended to be relied upon by such plaintiff or counterclaimant.**

Plaintiff's Statement:

Plaintiff states the legal basis of each claim asserted as follows:

- Whether the defendant police officers falsely arrested plaintiff in violation of 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

- Whether the defendant police officers used excessive force against plaintiff in violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

- Whether the defendant police officers illegally strip searched plaintiff in violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

- Whether the defendant police officers fabricated evidence against plaintiff in violation of 42 U.S.C. § 1983 and the Sixth and Fourteenth Amendments to the United States Constitution.

- Whether the defendant police officers maliciously prosecuted plaintiff in violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

- Whether the City of New York violated plaintiff's rights under 42 U.S.C. § 1983, and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution by being deliberately indifferent to the defendant officers' prior acts of misconduct.

**h. Each party's concise statement of the legal basis of each defense asserted or expected to be asserted by such party, including citations to all statutes, Rules and other applicable regulatory and judicial authority intended to be relied on by such party.**

**Defendant's Legal Defenses:**

- Whether plaintiff has adequately stated a claim upon which relief can be granted.
  - Federal Rules of Civil Procedure, Rule 12.

- Whether plaintiff can establish any policy or practice that caused the alleged constitutional deprivation.
  - Monell v. Department of Social Services, 438 U.S. 658 (1978).

- Whether the City of New York is entitled to governmental immunity.

  - Mon v. The City of New York, 78 N.Y.2d 309 (1991).
  - Haddock v. The City of New York, 75 N.Y.2d 478 (1990).

- Whether any conduct by defendant City was the proximate cause of any injury to plaintiff under federal law.

  - o Warren v. Orange County Department of Probation, 115 F3d 1068 (2d Cir. 1995).

- Whether the injury sustained was the proximate result of conduct on the part of defendant City of New York or resulted in whole or in part from the culpable, negligent and/or intervening conduct of others or persons for whose conduct defendant City of New York is not responsible.
  - o Warren v. Orange County Department of Probation, 115 F3d 1068 (2d Cir. 1995).

- Whether plaintiff provoked the incident.

- Whether plaintiff's claims are barred in part by the doctrines of res judicata and/or collateral estoppel.

  - o Allen et al. v. McCurry, 449 U.S. 90 (1980).

- Whether defendant violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore is entitled to qualified immunity.
  - o Saucier v. Katz, 533 U.S. 194 (2001).

- Whether there was probable cause for plaintiff's arrest, detention, and prosecution.
  - o Bernard v. U.S., 25 F3d 98 (2d, Cir. 1994).
  - o Singer v. Fulton County Sheriff et al., 63 F3d 110 (2d Cir. 1995).

- Whether plaintiff's claims are barred, in whole or in part, by the applicable Statute of Limitations.
  - o Owens v. Okure, 488 U.S. 235, 250, 109 S. Ct. 573, 581-82 (1989).

**i. A concise statement of the measure of proof and on whom the burden of proof falls as to each cause of action or defense.**

Plaintiff's and Defendants' Statement:

As to the claims asserted in the complaint, plaintiff has the burden of proof by a preponderance of the evidence. In order to recover damages for any injury, plaintiff must show by a preponderance of the evidence that plaintiff's alleged injuries were caused by the conduct of the defendants.

**j. Whether and to what extent amendments to pleadings and/or the addition or substitution of parties will be required, and proposed deadlines therefore.**

Plaintiff's Statement: Plaintiff seeks leave to amend and join additional parties. Plaintiff submits that a period of forty five days is necessary for the parties to identify all officers involved in plaintiff's arrest.

Defendants' Statement: No planned amendments to pleading is expected.

Deadline for Amendments/ addition or substitution of parties**:** Plaintiff proposes a deadline of May 27, 2008 for amendments to pleadings and/or addition or substitution of parties.

**k. A statement as to whether all parties consent to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).**

All parties, respectfully, do not consent to a trial of this matter by a Magistrate Judge.

**l. What, if any, changes should be made in the timing, form or requirements for disclosures under Fed. R. Civ. P. 26(a), including a statement as to when any disclosures required under Fed. R. Civ. P. 26(a)(1) were made or will be made.**

The parties have not yet made their initial disclosures and anticipate doing so within 30 days.

**m. The subject on which disclosure may be needed and whether discovery should be conducted in phases or be limited to or focus upon particular issues, including a concise description of each party's plan for discovery and a proposed discovery cut-off date.**

Plaintiff's Statement: Plaintiff submits that discovery should not be conducted in phases or limited to particular issues. Plaintiff will seek document discovery, including but not limited to, all arrest and police reports prepared in connection with plaintiff's arrest, the defendant police officers' personnel records and files concerning all disciplinary, Civilian Complaint Review Board, and Internal Affairs complaints filed against the defendant police officers. Plaintiff submits that depositions should take place after completion of document discovery.

Defendant's Statement: Defendant submits that document discovery is necessary to assist it in evaluating this case for settlement. Thereafter, defendant submits that a settlement conference would be beneficial prior to any further deposition discovery. In addition, should the parties be unable to resolve this case via settlement, defendant submits that document discovery should be completed prior to any depositions.

Joint proposed discovery completion dates: The parties propose a six month fact discovery deadline allowing time to explore potential settlement, exchange document discovery, and conduct depositions of fact witnesses. The proposed discovery cut-off date is October 10, 2008.

**n. Whether and to what extent expert evidence will be required, and proposed deadlines for expert discovery.**

Plaintiff's Statement: Plaintiff does not anticipate the need for expert testimony at this time.

Defendant's Statement: Defendant does not expect to call experts but reserves the right to do so if plaintiff designates an expert.

Deadline for expert discovery: n/a.

**o. What, if any, changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of court, and what other limitations should be imposed.**

None at this time.

**p. The status of settlement discussions and the prospects for settlement of the action in whole or in part, provided that the Pre-Conference Statement shall not disclose to the Court specific settlement offers or demands.**

Plaintiff has not yet presented a demand.

Defendant intends to assess plaintiff's demand and, subject to the receipt of relevant documents, will respond expeditiously to plaintiff with a counter offer.

**q. A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days expected to be needed for presentation of that party's case.**

Each party has demanded a jury trial. The parties anticipate that a trial of this action would take approximately one week.

**r. Any other information you believe may assist the Court in advancing your case to settlement or trial.**

Plaintiff: n/a

Defendants: n/a

Dated: New York, New York
March 27, 2008

Izabel Garcia, Esq.
Attorney for Plaintiff
26 Court Street, Suite 1815
Brooklyn, NY 11242

By: ________/s/____________________
Izabel Olszowa Garcia (IG 2844)
Attorney for Plaintiff

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for Defendant City of New York
100 Church Street, 3-189
New York, NY 10007
(212) 788-0976

By: _________/s/_____________________
Johana Castro (JC 1809)
Assistant Corporation Counsel
Special Federal Litigation Division