UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

SHAMEL KING,

                                        Plaintiff,

            -against-

THE CITY OF NEW YORK, CAPTAIN FULTON,
LIEUTENANT CHRISTOPHER COLL, SERGEANT
DENNIS BOWEN, POLICE OFFICER OKROKOTO,
DETECTIVE THOMAS DONOHUE, DETECTIVE
WILLIAM MARTIN, DETECTIVE OSVALDO
ROSADO, DETECTIVE JEREMY DEMARCO, AND
DETECTIVE MEGAN O'MALLEY,

                                        Defendants.

------------------------------------------------------------------------ x

**ECF CASE**

**FIRST AMENDED COMPLAINT**

08 CV 0006 (LTS)

Jury Trial Demanded

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. § 1983, the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. This case arises from a January 10, 2007 incident in which the City of New York and several members of the New York City Police Department ("NYPD") subjected plaintiff to false arrest, excessive force, assault, battery, an unlawful strip search, fabricated evidence, malicious prosecution and negligence. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorneys' fees, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his state law claims of false arrest, assault, battery, malicious prosecution, and negligence. With respect to these state law claims, a notice of claim was duly filed on the City of New York within 90 days of the incident, more than 30 days have elapsed since such filing, and the City has refused to settle plaintiff's state law claims.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Southern District of New York. Moreover, venue is proper pursuant to 28 U.S.C. § 1391(b) because the City of New York's deliberate indifference to plaintiff's rights under federal and state law took place in this district, specifically at NYPD Headquarters located at One Police Plaza, and at the office of the Civilian Complaint Review Board located at 40 Rector Street.

**PARTIES**

5. Plaintiff is a resident of the State of New York, County of Kings.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

7. Captain Fulton is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on January 10, 2007. Fulton is sued in his individual capacity.

8. Lieutenant Christopher Coll is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on January 10, 2007. Coll is sued in his individual capacity.

9. Sergeant Dennis Bowen is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on January 10, 2007. Bowen is sued in his individual capacity.

10. Police Officer Okrokoto is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on January 10, 2007. Okrokoto is sued in his individual capacity.

11. Detective Thomas Donohue is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on January 10, 2007. Donohue is sued in his individual capacity.

12. Detective William Martin is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on January 10, 2007. Martin is sued in his individual capacity.

13. Detective Osvaldo Rosado is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on January 10, 2007. Rosado is sued in his individual capacity.

14. Detective Jeremy DeMarco is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on January 10, 2007. DeMarco is sued in his individual capacity.

15. Detective Megan O'Malley is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on January 10, 2007. O'Malley is sued in her individual capacity.

**STATEMENT OF FACTS**

16. On January 10, 2007, at approximately 6:00 p.m. members of the NYPD forcibly entered an apartment located at 585 East 21st Street, 3B, in Brooklyn, New York.

17. Plaintiff was inside the aforesaid location at the aforesaid date and time playing video games with a friend and was not a participant in any crime.

18. After the officers entered the aforementioned location, one or more officers seized and held plaintiff at gunpoint without legal justification, while several other officers searched the premises.

19. In the course of seizing plaintiff, the officers used excessive force and assaulted and battered plaintiff by maliciously and unnecessarily throwing plaintiff on the floor, twisting plaintiff's arm, and handcuffing plaintiff excessively tight causing marks and interference with his circulation.

20. Thereafter, lacking reasonable suspicion to believe plaintiff was in possession of contraband, one or more of the individual defendants ordered and/or participated in an illegal strip search of plaintiff.

21. Officers escorted plaintiff to a bathroom, unhandcuffed plaintiff, and ordered plaintiff to remove all his clothing, including his shoes, shirt, pants and underwear.

22. One or more officers then ordered plaintiff, while naked, to squat a number of times while in the presence of at least three officers.

23. After conducting the illegal strip search of plaintiff, the officers forced plaintiff to exit the bathroom while naked and ordered plaintiff to dress while standing at the front door of the apartment in front of other individuals present in the apartment.

24.     The officers then falsely arrested plaintiff, escorted plaintiff to a police van, and kept plaintiff handcuffed in the van for approximately one to one and a half hours while traveling through the streets of Brooklyn.

25.     Thereafter the officers took plaintiff to the 70th Precinct for arrest processing and then to Central Booking located at 120 Schermerhorn, Brooklyn, New York for further arrest processing.

26.     After review of the charges made by the officers against plaintiff, the Kings County District Attorney's Office declined to prosecute plaintiff.

27.     Plaintiff was released without prosecution after being held in custody for a total of approximately thirty-one hours.

28.     As a result of defendants' actions, plaintiff suffered pain, physical injury, emotional distress, fear, embarrassment, humiliation, discomfort, a substantial inconvenience, and a loss of liberty.

**FEDERAL CLAIMS AGAINST THE
INDIVIDUAL OFFICERS**

29.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-28 as if fully set forth herein.

30.     The conduct of CAPTAIN FULTON, LIEUTENANT CHRISTOPHER COLL, SERGEANT DENNIS BOWEN, POLICE OFFICER OKROKOTO, DETECTIVE THOMAS DONOHUE, DETECTIVE WILLIAM MARTIN, DETECTIVE OSVALDO ROSADO, DETECTIVE JEREMY DEMARCO, AND DETECTIVE MEGAN O'MALLEY, as described herein, amounted to false arrest, excessive force, an illegal strip search, fabricated evidence, and malicious prosecution.  This conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

## STATE LAW CLAIMS THE
## INDIVIDUAL OFFICERS

31. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-30 as if fully set forth herein.

32. The conduct of CAPTAIN FULTON, LIEUTENANT CHRISTOPHER COLL, SERGEANT DENNIS BOWEN, POLICE OFFICER OKROKOTO, DETECTIVE THOMAS DONOHUE, DETECTIVE WILLIAM MARTIN, DETECTIVE OSVALDO ROSADO, DETECTIVE JEREMY DEMARCO, AND DETECTIVE MEGAN O'MALLEY, as described herein, amounted to false arrest, assault, battery, malicious prosecution, and negligence in violation of the laws of the State of New York.

## FEDERAL CLAIM AGAINST THE
## CITY OF NEW YORK

33. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-32 as if fully set forth herein.

34. The City of New York directly caused the constitutional violations suffered by plaintiff.

35. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that its police officers, including CAPTAIN FULTON, LIEUTENANT CHRISTOPHER COLL, SERGEANT DENNIS BOWEN, POLICE OFFICER OKROKOTO, DETECTIVE THOMAS DONOHUE, DETECTIVE WILLIAM MARTIN, DETECTIVE OSVALDO ROSADO, DETECTIVE JEREMY DEMARCO, AND DETECTIVE MEGAN O'MALLEY are unfit, ill-tempered officers who have the propensity to commit the acts alleged

herein. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them. Moreover, the City of New York failed to adequately investigate prior complaints against the officers.

36. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

## STATE LAW CLAIMS AGAINST THE CITY OF NEW YORK

37. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-36 as if fully set forth herein.

38. Because CAPTAIN FULTON, LIEUTENANT CHRISTOPHER COLL, SERGEANT DENNIS BOWEN, POLICE OFFICER OKROKOTO, DETECTIVE THOMAS DONOHUE, DETECTIVE WILLIAM MARTIN, DETECTIVE OSVALDO ROSADO, DETECTIVE JEREMY DEMARCO, AND DETECTIVE MEGAN O'MALLEY were acting within the scope of their employment as members of the NYPD during the incident in question, the City of New York is vicariously liable under state law for false arrest, assault, battery, malicious prosecution, and negligence.

39. Further, the City of New York is liable under state law because it negligently hired, trained, supervised, and retained the aforesaid individual defendants.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

      c.      Costs, interest and attorney's fees;

      d.      Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    May 22, 2008
              Brooklyn, New York

                              Law Office of Izabel Olszowa Garcia
                              Attorney for Plaintiff
                              26 Court Street, Suite 1815
                              Brooklyn, New York 11242
                              (718) 855-4835

                              By:

                              _____/s/_____
                              IZABEL OLSZOWA GARCIA (IG 2844)