UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

SHAMEL KING,

                                              Plaintiff,

- against -

THE CITY OF NEW YORK, CAPTAIN FULTON,
LIEUTENANT CHRISTOPHER COLL, SERGEANT
BOWEN, POLICE OFFICER OKROKOTO, DETECTIVE
THOMAS DONOHUE, DETECTIVE WILLIAM
MARTIN, DETECTIVE OSVALDO ROSADO,
DETECTIVE JEREMY DEMARCO AND DETECTIVE
MEGAN O'MALLEY,

                                              Defendants.

------------------------------------------------------------------------ x

**ANSWER TO AMENDED COMPLAINT**

08 CV 0006 (LTS)

Jury Trial Demanded

        Defendants City of New York, Detective DeMarco and Detective O'Malley, by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their Answer to the Amended Complaint, respectfully alleges, upon information and belief, as follows:

        1.    Deny the allegations set forth in paragraph "1" of the Amended Complaint, except admit that plaintiff purports to proceed as stated therein.

        2.    Deny the allegations set forth in paragraph "2" of the Amended Complaint, except admit that plaintiff purports to bring this action and invoke the jurisdiction of the Court as stated therein.

        3.    Deny the allegations set forth in paragraph "3" of the Amended Complaint, except admit that plaintiff purports to invoke the supplemental jurisdiction of the

Court as stated therein and admit that on or about March 28, 2007[1] a document purporting to be Notice of Claim was received by the Comptroller's Office and admit that the claim has not been settled.

4. Deny the allegations set forth in paragraph "4" of the Amended Complaint, except admit that plaintiff purports to base venue as stated therein.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Amended Complaint.

6. Admit the allegations set forth in paragraph "6" of the Amended Complaint.

7. Deny the allegations set forth in paragraph "7" of the Amended Complaint, except admit that James Fulton is employed as a Captain with the New York City Police Department and that plaintiff purports to sue him as stated therein.

8. Deny the allegations set forth in paragraph "8" of the Amended Complaint, except admit that Christopher Coll is employed as a Lieutenant with the New York City Police Department and that plaintiff purports to sue him as stated therein.

9. Deny the allegations set forth in paragraph "9" of the Amended Complaint, except admit that Dennis Bowen is employed as a Sergeant with the New York City Police Department and that plaintiff purports to sue him as stated therein.

10. Deny the allegations set forth in paragraph "10" of the Amended Complaint, except admit that Oghenevighd Okrokoto is employed as a Police Officer with the New York City Police Department and that plaintiff purports to sue him as stated therein.

---

[1] On information and belief, plaintiff's purported Notice of Claim bears two timestamps: (1) the New York City Law Department Stamp dated "2007 MAR 27 AM 9:01" and (2) the Comptroller's Office timestamp "2008 MAR 28 P 2:21." It appears that Comptroller's Office's timestamp incorrectly noted the year 2008 instead of 2007.

11. Deny the allegations set forth in paragraph "11" of the Amended Complaint, except admit that Thomas Donohue is employed as a Detective with the New York City Police Department and that plaintiff purports to sue him as stated therein.

12. Deny the allegations set forth in paragraph "12" of the Amended Complaint, except admit that William Martin is employed as a Detective with the New York City Police Department and that plaintiff purports to sue him as stated therein.

13. Deny the allegations set forth in paragraph "13" of the Amended Complaint, except admit that Osvaldo Rosado is employed as a Detective with the New York City Police Department and that plaintiff purports to sue him as stated therein.

14. Deny the allegations set forth in paragraph "14" of the Amended Complaint, except admit that Jeremy DeMarco is employed as a Detective with the New York City Police Department and that plaintiff purports to sue him as stated therein.

15. Deny the allegations set forth in paragraph "15" of the Amended Complaint, except admit that Megan O'Malley is employed as a Detective with the New York City Police Department and that plaintiff purports to sue her as stated therein.

16. Deny the allegations set forth in paragraph "16" of the Amended Complaint, except admit that on or about January 10, 2007 police officers were executing a search warrant at 585 East 21st Street, Apt. 3B, Brooklyn, New York.

17. Deny the allegations set forth in paragraph "17" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported activities plaintiff was engaged in at the time the search warrant was executed at 585 East 21st Street, Apt. 3B, Brooklyn, New York.

18. Deny the allegations set forth in paragraph "18" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether a gun was pointed at plaintiff.

19. Deny the allegations set forth in paragraph "19" of the Amended Complaint.

20. Deny the allegations set forth in paragraph "20" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's purported strip-search.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Amended Complaint.

22. Deny the allegations set forth in paragraph "22" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to form a belief as to the truth of the allegations regarding plaintiff's purported strip-search.

23. Deny the allegations set forth in paragraph "23" of the Amended Complaint.

24. Deny the allegations set forth in paragraph "24" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the length of time plaintiff was purportedly in a police van.

25. Deny the allegations set forth in paragraph "25" of the Amended Complaint, except admit that plaintiff was transported to the 70th Precinct and then to Central Booking for arrest processing.

26. Deny the allegations set forth in paragraph "26" of the Amended Complaint, except admit that on or about January 11, 2007, the Kings County District Attorney's Office declined to prosecute plaintiff's underlying criminal matter.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Amended Complaint, except admit that on or about January 11, 2007, the Kings County District Attorney's Office declined to prosecute plaintiff's underlying criminal matter.

28. Deny the allegations set forth in paragraph "28" of the Amended Complaint.

29. In response to the allegations set forth in paragraph "29" of the Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-21" inclusive of this Answer, as if fully set forth herein.

30. Deny the allegations set forth in paragraph "30" of the Amended Complaint.

31. In response to the allegations set forth in paragraph "31" of the Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-30" inclusive of this Answer, as if fully set forth herein.

32. Deny the allegations set forth in paragraph "32" of the Amended Complaint.

33. In response to the allegations set forth in paragraph "33" of the Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-32" inclusive of this Answer, as if fully set forth herein.

34. Deny the allegations set forth in paragraph "34" of the Amended Complaint.

35. Deny the allegations set forth in paragraph "35" of the Amended Complaint.

36. Deny the allegations set forth in paragraph "36" of the Amended Complaint.

37. In response to the allegations set forth in paragraph "37" of the Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-36" inclusive of this Answer, as if fully set forth herein.

38. Deny the allegations set forth in paragraph "38" of the Amended Complaint.

39. Deny the allegations set forth in paragraph "39" of the Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

40. The Amended Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

41. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

42. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

43. This action may be barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

44. This action may be barred in whole, or in part, by the doctrines of collateral estoppel and/or res judicata.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

45. Plaintiff caused or provoked any incident.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

46. There was probable cause for plaintiff's arrest and detention.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

47. Defendants have not violated any clearly established constitutional or statutory rights of which a reasonable person should have known and therefore are protected by qualified immunity.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

48. At all times relevant to the acts alleged in the complaint, the duties and functions of defendant City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

**WHEREFORE,** defendants City of New York, Detective DeMarco and Detective O'Malley request judgment dismissing the Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
June 17, 2008

> MICHAEL A. CARDOZO
> Corporation Counsel of the
> City of New York
> Attorney for Defendants City of New York,
> Detective DeMarco and Detective O'Malley
> 100 Church Street
> New York, New York 10007
> (212) 788-0976
>
> By: _____
> Johana Castro (JC 1809)
> Assistant Corporation Counsel
> Special Federal Litigation Division

To: BY ECF
Izabel Garcia, Esq.
Attorney for Plaintiff
26 Court Street, Suite 1815
Brooklyn, NY 11242

08 CV 0006 (LTS)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHAMEL KING,

                              Plaintiff,

- against -

THE CITY OF NEW YORK, CAPTAIN FULTON, LIEUTENANT CHRISTOPHER COLL, SERGEANT BOWEN, POLICE OFFICER OKROKOTO, DETECTIVE THOMAS DONOHUE, DETECTIVE WILLIAM MARTIN, DETECTIVE OSVALDO ROSADO, DETECTIVE JEREMY DEMARCO AND DETECTIVE MEGAN O'MALLEY,

                              Defendants.

---

**ANSWER TO AMENDED COMPLAINT**

---

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
   *Attorney for Defendants City of New York,*
   *Detective DeMarco and Detective*
   *O'Malley*
   *100 Church Street*
   *New York, New York 10007*

   *Of Counsel: Johana Castro*
   *Tel: (212) 788-0976*
   *NYCLIS No.2008-000142*

---

*Due and timely service is hereby admitted.*

*New York, N.Y. ......................................................, 200..*

*................................................................................ Esq.*

*Attorney for ........................................................................*